UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN; NIVA GUERRIER, | 4:22-CV-04047-RAL |
| Plaintiffs, | |
| vs. | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |
| SHANTEL KREBS, FORMER SECRETARY OF STATE OF SOUTH DAKOTA, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES; KRISTI NOEM, GOVERNOR OF THE STATES OF SOUTH DAKOTA, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES; JASON RAVNSBORG, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; STEVE BARNETT, SECRETARY OF STATE OF SOUTH DAKOTA, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; RANDY SEILER; NIKKI GRONLI; MARCIA BUNGER; LARRY OLSEN; LORRI MAY; DEB KNECHT; DENNIS OLSON; CECELIA FIRE THUNDER; TROY HEINERT; JAMIE SMITH; ADDISON MILLER; AARON VLASMAN; DANIEL BETHKE; JENNIFER KEINTZ; ERIN HEALY; REYNOLD F. NESIBA; LINDA DUBA; RYAN CWACH; SHAWN BORDEAUX; RED DAWN FOSTER; PERI POURIER; OREN L. LESMEISTER; GENE WILLIAMS; TIM AZURE; ROGER LEE; MASON SULLIVAN; BRAD SCHNECK; CHAD SKILES; DEB SMITH; SUSAN WISMER; DIANNA SHAFER; RYAN RYDER; GEORGE ENGLAND; MARY LEARY; SUSAN THOMPSON; KIMBERLY KILLER; LILIAS JARDING; STEVEN MCCLEEREY; JOHN SCHMIDT; MARION SORLIEN; ANN TORNBERG; DEREK STEWART; JAY WILLIAMS; ALLI MORAN, | |

|  |  |
|---|---|
| Defendants. |  |

Plaintiffs Manetirony Clervrain and Nina Guerrier filed a pro se civil rights lawsuit under 28 § U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Doc. 1. Clervrain moves for leave to proceed in forma pauperis and has filed a financial affidavit. Doc. 2; Doc. 3 at 18-22. Clervrain has also filed several miscellaneous motions. Docs. 3, 4, 5, 6, 7, 8, 9, 10, 11, 13. This Court now screens Clervrain's complaint under 28 U.S.C. § 1915(e)(2).

## I.     Motion for Leave to Proceed In Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." <u>Lee v. McDonald's Corp.</u>, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. <u>Williams v. McKenzie</u>, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. <u>Cross v. Gen. Motors Corp.</u>, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Clervrain's financial affidavit, the Court finds that he has insufficient funds to pay the filing fee. Thus, Clervrain's motion for leave to proceed in forma pauperis is granted.

## II.    1915 Screening

### A.    Factual Allegations of Plaintiffs' Complaint

Clervrain alleges that defendants "violated his first amendment Rights concerning in their

official capacities[.]" Doc. 1 at 6. He alleges "[t]hat public funding will lead to better Education

or to promote parenting Role against culture schoking [sic] by the defedants [sic], or their

executive, internal affairs of political parties, and thus to a significant loss of political freedom."

Id. Clervrain claims that "[t]he concern is necessarily wholly speculative" and states that "all of

the agencies must release their administrative records." Id. He accuses defendants of "aiding and

abetting genocide, and for conspiracy to violated access to the courts and federal official while in

the custody, all violations of international law." Id. Clervrain also references political issues in

Haiti in his complaint and makes several statements of law that are difficult to follow. See id. at

4-7. He brings claims against Shantel Krebs, Kristi Noem, Jason Ravnsborg, and Steve Barnett in

their individual and official capacities and against the remaining defendants in their official

capacities only.[1] See id. at 2-3. He asks this Court for $60 billion in damages for alleged injuries,

for an additional $35 billion "for the development of the ['brandako, Inc']," and for $100 million

against each individual defendant. Id. at 7.

### B.    Legal Standard

A court when screening under § 1915A must assume as true all facts well pleaded in the

complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights

complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v.

---

[1] If a plaintiff does not specific the capacity in which he or she sues a defendant, the suit is
treated as only including official capacity complaints. Egerdahl v. Hibbing Cmty. Coll., 72 F.3d
615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Clervrain only
specifies the capacity in which he sues Krebs, Noem, Ravnsborg, and Barnett. See id. at 2-3.
Thus, he sues the remaining defendants in their official capacities.

Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663-64 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory").

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court will now assess each individual claim under 28 U.S.C. § 1915.

## C.    Clervrain's Causes of Action

Clervrain alleges that defendants violated his First Amendment rights, but he does not indicate what actions defendants took that violated his rights. See Doc. 1 at 6. Construing his complaint liberally, Clervrain brings claims for deprivation of his First Amendment right of access to the courts and for conspiracy to deprive him of his rights against all defendants. See id. at 6.

### 1.    First Amendment Access to the Courts Claims

"The Constitution guarantees prisoners a right to access the courts." White v. Kautzky, 494 F.3d 677, 679 (8th Cir. 2007). To succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions. Lewis v. Casey, 518 U.S. 343, 349 (1996). In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis, 518 U.S. at 353 (footnotes omitted)).

Clervrain fails to show an actual injury as required by Lewis. Other than his conclusory statement that defendants "violated access to the courts[,]" Clervrain makes no showing that he had a nonfrivolous legal claim that was frustrated or impeded. See Docket 1 at 6. Further, he makes no factual allegations regarding the named defendants at all. Id. at 3-7. Thus, Clervrain's access to the courts claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Conspiracy Claims

To plead a civil conspiracy under § 1983, Clervrain must show "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the

proximate result of the conspiracy." <u>Livers v. Schenck</u>, 700 F.3d 340, 360-61 (8th Cir. 2012)

(quoting <u>In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.</u>, 113 F.3d 1484,

1498 (8th Cir. 1997)). "The plaintiff is additionally required to prove a deprivation of a

constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." <u>White v.</u>

<u>McKinley</u>, 519 F.3d 806, 814 (8th Cir. 2008) (citing <u>Askew v. Millerd</u>, 191 F.3d 953, 957 (8th

Cir. 1999)). The plaintiff must allege "specific facts tending to show" a meeting of the minds.

<u>Murray v. Lene</u>, 595 F.3d 868, 870 (8th Cir. 2010).

　　　　Clervrain fails to assert facts sufficient to show a meeting of the minds between

defendants. He makes no allegations of fact regarding actions taken by defendants, including no

allegations of facts that would demonstrate a meeting of the minds between defendants. <u>See</u>

Docket 1 at 3-7. Further, he makes no showing that he was deprived of a constitutional right or

privilege. <u>See id.</u> Thus, Clervrain's conspiracy claims against defendants are dismissed without

prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**III.    Order**

　　　　Accordingly, it is

　　　　ORDERED that Clervrain's motion to proceed in forma pauperis, Doc. 2, is granted and

his initial filing fee is waived. It is further

　　　　ORDERED that Clervrain's claims against all defendants are dismissed without prejudice

under 28 U.S.C. § 1915(e)(2)(B)(ii). It is further

　　　　ORDERED that Clervrain's motion to electronically file documents, Doc. 13, is granted.

It is finally

　　　　ORDERED that Clervrain's miscellaneous motions, Docs. 3, 4, 5, 6, 7, 8, 9, 10, and 11,

are denied as moot.

DATED May 9th, 2022.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE